**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CINDY AND OTIS CLEGHORN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-00524** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ANTHONY CARREON** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.**
**STATE COURT ACTION**

This case was initially filed in the 61st Judicial District Court of Harris County, Texas.   The state court action is styled: Cause No. 2016-05243; <u>Cindy and Otis Cleghorn v. Travelers Lloyds of Texas Insurance Company and Anthony Carreon</u>, in the 61st Judicial District Court of Harris County, Texas.

**II.**
**PARTIES**

The plaintiff, Cindy Cleghorn, is, upon information and belief, an individual citizen and resident of Harris County, Texas.

The plaintiff, Otis Cleghorn, is, upon information and belief, an individual citizen and resident of Harris County, Texas.

The defendant, Travelers Lloyds of Texas Insurance Company ("Travelers"), is an unincorporated insurance association, comprised of individual underwriters, authorized to conduct business in Texas as a "Lloyds Plan" insurer under the Texas Insurance Code.  All of Travelers' underwriters reside in and are citizens of the State of Connecticut and none of Travelers' underwriters reside in or are citizens of Texas.

The defendant, Anthony Carreon ("Carreon"), is an individual citizen and resident of the State of Texas.  Significantly, however, Carreon, and the plaintiff's claims against Carreon, have been improperly joined.  Accordingly, Carreon's citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

**III.**
**JURISDICTION**

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and represents a dispute for which the underlined properly joined parties are citizens of different states.  Here, the plaintiffs have improperly joined Carreon to this suit.  As such, Carreon's Texas citizenship should be disregarded when determining whether this Court has diversity jurisdiction over the plaintiffs' claims against Travelers.  As the plaintiffs are residents and citizens of Texas and Travelers is a citizen of Connecticut, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

2

A defendant may remove an action to federal court if that court would have original jurisdiction over the case.  28 U.S.C. § 1441(a).  To establish subject-matter jurisdiction based on diversity, complete diversity of citizenship must exist among the parties, and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332. However, under the doctrine of improper joinder, a case may be removed despite the presence of a non-diverse defendant if that defendant was joined improperly, i.e., without a legal basis to do so.  Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091, at *3 (S.D. Tex. 2015).  "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant."  Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14-15 (S.D. Tex. 2013).  Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction.  Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.  Smallwood, 385 F.3d at 573. Defendants claiming improper joinder based on the latter standard must show that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant."  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.  A "reasonable basis" means more than a mere hypothetical basis.  Centro Cristiano Cosecha Final, Inc. v. Ohio Ca. Ins. Co., 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011).  A mere theoretical possibility of recovery is insufficient.  Barclay, 2015 U.S. Dist. LEXIS 38091, at *4.

3

To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573.

**B. The plaintiffs have failed to allege a reasonable basis for the Court to predict the plaintiffs can recover against Carreon.**

As shown below, the plaintiffs have failed to allege any specific facts against Carreon that would lead to individual liability and have thus failed to allege a reasonable basis for predicting that state law would allow recovery against Carreon.  Instead, the plaintiffs have articulated only non-specific and conclusory allegations against Carreon together with near-verbatim quotations of statutory provisions the plaintiffs claim Carreon violated in an effort to defeat diversity jurisdiction.  In essence, the plaintiffs' factual allegations against Carreon fail to identify anything Carreon did wrong other than estimate the plaintiffs' alleged loss to be less than what the plaintiffs desired.

While certain paragraphs in the plaintiffs' original petition appear to be directed at Carreon, for the most part they merely track the statutory provisions the plaintiffs claim Carreon violated.  See plaintiffs' original petition at ¶¶ 50-57.  The only factual allegations relating to Carreon are found in nos. 15 – 17, which read as follows:

> "15. Travelers, though its agents, namely Carreon, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.
>
> 16. The initial adjustment of the claim occurred on or around July 20, 2015.  The report generated by Carreon found that there was no damage from a covered peril to the roof of the property.  However, Carreon's estimate does note that there was some damage to two roof vents and to the vinyl window beading in the amount of $772.60, which was the total of all damages to the Property.

17. In their denial letter, Travelers acknowledges damages for aluminum roof vents and vinyl window beading related to a hail storm.  This denial letter, in combination with Carreon's estimate, purported damages that, after application of depreciation and Plaintiffs' deductible, left Plaintiffs with $0.00 to complete proper repairs of their home."

See id. at ¶¶ 15-17.  All other allegations in the plaintiffs' original petition specifically against Carreon merely track the language of the various statutory provisions the plaintiffs claim Carreon violated.  See id. at ¶¶ 50-57.

Because the plaintiffs have failed to do anything more than state only non-specific factual allegations against Carreon together with a recitation of various statutory code provisions, the plaintiffs have failed to state a valid state law cause of action against Carreon.  As detailed below, Southern District courts have found improper joinder on numerous occasions in cases involving allegations against an adjuster defendant that were nearly identical to the allegations the plaintiffs have asserted against Carreon in this case.

### C. Courts in the Southern District have found improper joinder on numerous occasions in cases nearly identical to this one.

Courts in the Southern District of Texas have found improper joinder in cases nearly identical to this one involving nearly identical allegations against an adjuster defendant on the ground that the plaintiff failed to establish a cause of action against the adjuster.  See e.g. Barclay v. State Farm Lloyds, 2015 U.S. Dist. LEXIS 38091 (S.D. Tex. 2015) (Miller, J.) (remand denied in part because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly found and made up excuses to delay and deny paying the plaintiff's claim, made false statements pertaining to coverage of insurance, failed to properly adjust the claim, and summarily denied the

claim with obvious knowledge and evidence of a covered peril); <u>Okenkpu v. Allstate Tex. Lloyd's</u>, 2012 U.S. Dist. LEXIS 41705 (S.D. Tex. 2012) (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly conducted substandard inspections of the plaintiff's property and spent an insufficient amount of time inspecting the property as evidenced by his report which failed to include all of the damages noted upon inspection and grossly undervalued those damages); <u>Centro Cristiano Cosecha Final, Inc.</u>, 2011 U.S. Dist. LEXIS 6541 (S.D. Tex. 2011) (Harmon, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly failed to fully quantify the plaintiff's damages, conduct a thorough investigation of the claim, fairly evaluate and adjust the plaintiff's claim, and provide the plaintiff with a reasonable explanation as to why the insurance company was not compensating the plaintiff for the full value of the plaintiff's covered losses); <u>Finkelman v. Liberty Mut. Fire Ins. Co.</u>, 2010 U.S. Dist. LEXIS 56813 (S.D. Tex. 2010) (Lake, J.) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly was assigned to adjust the plaintiff's claim and, together with the insurance company, wrongfully denied the plaintiff's claim for property repairs, underpaid some of the plaintiff's claim by not providing full coverage under the policy, and underestimated damages during her investigation); <u>Centaurus Gf Cove v. Lexington Ins. Co.</u>, 2010 U.S. Dist. LEXIS 67391 (S.D. Tex. 2010) (Miller, J) (remand denied because the plaintiff failed to establish a cause of action against the adjuster defendant who allegedly traveled to the property site in question and conducted an inadequate investigation regarding the damages).

The case at issue here is similar, if not substantively identical, to <u>Okenkpu</u>.  In <u>Okenkpu</u>, the plaintiffs sought remand after Allstate removed the case to federal court contending the adjuster defendant was improperly joined.  <u>Okenkpu</u>, 2012 U.S. Dist. LEXIS 41705.  In support of their motion to remand, the plaintiffs argued that they "pleaded specific facts about [the adjuster] that state[d] a claim under Texas law, i.e., that [the adjuster] conducted substandard inspections of Plaintiffs' property, that [the adjuster] spent an insufficient amount of time inspecting [the property], as evidenced by [the adjuster's] report, which failed to include all of the damages noted upon inspection, and that those damages [the adjuster] included were grossly undervalued."  <u>Id.</u> at *20. The court noted these statements were conclusory and lacked the factual specificity necessary to state a claim.  <u>Id.</u>  Accordingly, the court denied the plaintiffs' motion to remand and dismissed the adjuster defendant with prejudice as improperly joined.  <u>Id.</u> at *23.

Here, the plaintiffs' factual claims against Carreon are as follows:

"15.Travelers, though its agents, namely Carreon, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

16. The initial adjustment of the claim occurred on or around July 20, 2015.  The report generated by Carreon found that there was no damage from a covered peril to the roof of the property.  However, Carreon's estimate does note that there was some damage to two roof vents and to the vinyl window beading in the amount of $772.60, which was the total of all damages to the Property.

17. In their denial letter, Travelers acknowledges damages for aluminum roof vents and vinyl window beading related to a hail storm.  This denial letter, in combination with Carreon's estimate, purported damages that, after application of depreciation and Plaintiffs' deductible, left Plaintiffs with $0.00 to complete proper repairs of their home."

See id. at ¶¶ 15-17.  As was the case in Okenkpu, these allegations are conclusory and lack the specificity necessary to state a claim under Texas law.

In addition to being similar to the allegations made against the adjuster defendant in Okenkpu, the plaintiffs' allegations against Carreon are similar to allegations made against the adjuster defendants in Centro Cristiano Cosecha Final, Inc., Barclay, Finkelman, and Centaurus Gf Cove.  Here, the plaintiffs claim, in essence, that Carreon was assigned to adjust the claim and conducted a substandard and improper inspection and adjustment of the property which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the property.  See plaintiffs' original petition at ¶ 15.  These allegations are similar, if not identical, to the allegations found in the cases cited and discussed herein in which remand was denied on the ground that the plaintiffs failed to allege a reasonable basis for the court to predict that the plaintiffs could recover. Based on these authorities, the plaintiffs' claims against Carreon have been improperly joined and Carreon's citizenship should be disregarded for the purpose of assessing diversity jurisdiction with respect to the plaintiffs' claims against Travelers.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiffs' original petition on February 5, 2016.  Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

**V.**
**ATTACHMENTS**

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a.  Exhibit A:    Civil action cover sheet;

b.  Exhibit B:    Copies of all executed processes in the case, if any;

c.  Exhibit C:    Copies of all pleadings asserting causes of action and all answers to such pleadings;

d.  Exhibit D:    Copies of all orders signed by the state court judge, if any;

e.  Exhibit E:    A copy of the state court docket sheet;

f.  Exhibit F:    An index of matters being filed;

g.  Exhibit G:    A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h.  Exhibit H:    Anthony Carreon's consent to removal.

**VI.**
**CONDITIONS PRECEDENT**

The defendant has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal. A copy of this notice of removal is also being filed in the 61st Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that the above action, styled: Cause No. 2016-05243; <u>Cindy and Otis Cleghorn v.</u>

Travelers Lloyds of Texas Insurance Company and Anthony Carreon, in the 61st

Judicial District Court of Harris County, Texas, be removed to this Court.

> Respectfully submitted,
>
> ORGAIN BELL & TUCKER, LLP
> P O Box 1751
> Beaumont, TX 77704-1751
> (409) 838-6412
> (409) 838-6959 facsimile
>
> /s/ Greg C. Wilkins
> Greg C. Wilkins
> State Bar No. 00797669
> gcw@obt.com
> Warren B. Wise
> State Bar No. 24075299
> wwise@obt.com
>
> ATTORNEYS FOR DEFENDANT,
> TRAVELERS LLOYDS OF TEXAS
> INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I do hereby certify that on the 29th day of February, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to all known counsel of record by Certified Mail, Return Receipt Requested.

> /s/ Greg C. Wilkins
> Greg C. Wilkins