# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CINDY AND OTIS CLEGHORN** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-00524** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ANTHONY CARREON** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Lloyds of Texas Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY**

SOP / ALL
Transmittal Number: 14760100
Date Processed: 02/05/2016

# Notice of Service of Process

| Primary Contact: | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  MC 515A<br>Saint Paul, MN 55102 |
|---|---|

| | |
|---|---|
| Entity: | Travelers Lloyds of Texas Insurance Company<br>Entity ID Number  2379977 |
| Entity Served: | Travelers Lloyds of Texas Insurance Company |
| Title of Action: | Cindy Cleghorn vs. Travelers Lloyds of Texas Insurance Company |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, Texas |
| Case/Reference No: | 2016-05243 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 02/05/2016 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Chad T. Wilson<br>832-415-1432 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CAUSE NO. 201605243

| | RECEIPT NO. | 75.00 CTM |
|---|---|---|
| | ********** | TR # 73210876 |

PLAINTIFF: CLEGHORN, CINDY

   vs.

DEFENDANT: TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

In The  61st
Judicial District Court
of Harris County, Texas
61ST DISTRICT COURT
Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY BY SERVING THROUGH
  ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
  211 EAST 7TH STREET SUITE 620  AUSTIN TX 787013218

  Attached is a copy of <u>ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>27th day of January, 2016</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

  YOU HAVE BEEN SUED,  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
  This citation was issued on 29th day of January, 2016, under my hand and
seal of said Court.

<u>Issued at request of:</u>

WILSON, CHAD T

1322 SPACE PARK DRIVE SUITE A155

HOUSTON, TX 77058

Tel: (832) 415-1432

<u>Bar No.</u>: 24079587

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline      Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: DENMON, BRIANNA JANE   3B5//10295175

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE
to the following addressee at address:

_____

_____

**ADDRESSEE**

_____

**ADDRESS**

Service was executed in accordance with Rule 106(a)
(2) TRCP, upon the Defendant as evidenced by the
return receipt incorporated herein and attached
hereto at _____
_____
on _____ day of _____, _____
by U.S. Postal delivery to _____
_____

This citation was not executed for the following
reason: _____
_____

CHRIS DANIEL, District Clerk
HARRIS COUNTY, T E X A S

By _____, Deputy

N.INT.CITM.P



1/27/2016 12:00:11 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8814927
By: Krystal Franklin
Filed: 1/27/2016 12:00:11 PM

# 2016-05243 / Court: 061

NO. _____

| | | |
|---|---|---|
| CINDY AND OTIS CLEGHORN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| TRAVELERS LLOYDS OF TEXAS | § | HARRIS COUNTY, TEXAS |
| INSURANCE COMPANY and | § | |
| ANTHONY CARREON | § | |
| | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cindy and Otis Cleghorn ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Travelers Lloyds of Texas Insurance Company ("Travelers") and Anthony Carreon ("Carreon") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiffs, Cindy and Otis Cleghorn, reside in Harris County, Texas.

3.  Defendant, Travelers Lloyds of Texas Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Travelers, through its registered agent for service, **Corporation Service**

**Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**.  Plaintiffs request service at this time.

4.   Defendant, Anthony Carreon, is an adjuster who resides in San Antonio, Texas.  Plaintiffs request service of citation upon Anthony Carreon at the address listed with the Texas Department of Insurance: **P.O. Box 65100, San Antonio, Texas 78265-5100**.  Plaintiffs request service at this time.

**JURISDICTION**

5.   The Court has jurisdiction over Travelers Lloyds of Texas Insurance Company because this defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Anthony Carreon because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Carreon's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

**VENUE**

7.   Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

8.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

2

9.    Plaintiffs own a Travelers Lloyds of Texas Insurance Company homeowner's insurance policy, number 096030-980241229-676-1 ("the Policy"), which was issued by Travelers. At all relevant times, Plaintiffs owned the insured premises located at 14825 Brown Rd. Tomball, TX 77377 ("the Property").

10.   Travelers or its agent sold the Policy, insuring the Property, to Plaintiffs. Travelers represented to Plaintiffs that the Policy included hail and windstorm coverage for damage to Plaintiffs' home.

11.   On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Tomball, Texas, area.

12.   In the aftermath of the hail and windstorm, Plaintiffs submitted a claim to Travelers against the Policy for damage to the Property. Travelers assigned claim number HUK9609001H to Plaintiffs' claim.

13.   Plaintiffs asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14.   Travelers assigned or hired Carreon to adjust the claim.

15.   Travelers, through its agents, namely Carreon, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

16.   The initial adjustment of the claim occurred on or around July 20, 2015. The report generated by Carreon found that there was no damage from a covered peril to the roof of the property. However, Carreon's estimate does note that there was some damage to two roof vents and to the vinyl window beading in the amount of $772.60, which was the total of all damages to the Property.

3

17.   In their denial letter, Travelers acknowledges damages for aluminum roof vents and vinyl window beading related to a hail storm. This denial letter, in combination with Carreon's estimate, purported damages that, after application of depreciation and Plaintiffs' deductible, left Plaintiffs with $0.00 to complete proper repairs on their home

18.   Travelers has ultimately refused full coverage which includes, but is not limited to, replacement of the roof as well as exterior damage and additional damage to two sheds, in a manner that complies with Harris County building codes. The damage to Plaintiffs' Property is currently estimated at $32,089.29.

19.   As stated above, Travelers improperly adjusted Plaintiffs' claim. Without limitation, Travelers misrepresented the cause of, scope of, and cost to repair damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the Policy.

20.   Travelers made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Travelers made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Carreon.

21.   Plaintiffs relied on Travelers' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiffs' Property. Plaintiffs' damages are the result of Plaintiffs' reliance on these misrepresentations.

22.   Upon receipt of the inspection and estimate reports from Carreon, Travelers failed to assess

4

the claim thoroughly. Based upon Travelers' grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Travelers failed to provide coverage due under the Policy, and Plaintiffs suffered damages.

23. Because Travelers failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

24. Furthermore, Travelers failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Travelers refused to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

25. Travelers' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant Travelers and Plaintiffs.

26. Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Travelers has failed to settle Plaintiffs' claim in a fair manner, although Travelers was aware of their liability to Plaintiffs under the Policy. Specifically, Travelers has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

27. Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Defendant Travelers failed to provide

5

Plaintiffs a reasonable explanation for underpayment of the claim.

28.     Additionally, after Travelers received statutory demand on or about October 12, 2015, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

29.     Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Travelers refused to provide full coverage to Plaintiffs under the Policy due to Defendants' failure to conduct a reasonable investigation.

30.     Specifically, Travelers, through its agents, servants, and representatives, namely Carreon, performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

31.     Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Travelers failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

32.     Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Travelers failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Travelers has delayed full payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received rightful payment for Plaintiffs' claim.

33.     Travelers' wrongful acts and omissions forced Plaintiffs to retain the professional services

6

of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY

### BREACH OF CONTRACT

34.   Travelers is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiffs.

35.   Travelers' failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Travelers' insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36.   Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

37.   Travelers' unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

38.   Travelers' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

7

39.  Travelers' unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

40.  Travelers' unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.  Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

42.  Travelers' delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.  Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44.  Travelers' failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

8

45. Travelers' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Travelers pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Travelers. Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Travelers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Travelers' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Travelers represented to Plaintiffs that the Policy and Travelers' adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Travelers represented to Plaintiffs that Travelers' Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

9

E.   Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Travelers' actions are unconscionable in that Travelers took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

46.   Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiffs' damages. All of Travelers' acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

47.   Travelers is liable to Plaintiffs for common law fraud.

48.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Travelers knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

49.   Travelers made these statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

10

## CAUSES OF ACTION AGAINST DEFENDANT ANTHONY CARREON

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

50.   Carreon's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

51.   Carreon is individually liable for Carreon's unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Travelers, because Carreon is a "person" as defined by TEX. INS. CODE §541.002(2).

52.   Carreon's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

53.   Carreon's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a) (3).

54.   Carreon knowingly underestimated the amount of damage to the Property. As such, Carreon failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

55.   Furthermore, Carreon did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

## DTPA VIOLATIONS

56.    Carreon's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
       Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods
       and services provided by Carreon pursuant to the DTPA. Plaintiffs have met all conditions
       precedent to bringing this cause of action against Carreon. Specifically, Carreon's
       violations of the DTPA include the following matters:

       A.    By Carreon's acts, omissions, failures, and conduct, Carreon has violated sections
             17.46(b) (2), (5), and (7) of the DTPA. Carreon's violations include, (1) failure to
             give Plaintiffs the benefit of the doubt, and (2) failure to write up an estimate
             reflecting the proper repair of Plaintiffs' Property when liability has become
             reasonably clear, which gives Plaintiffs the right to recover under section
             17.46(b)(2).

       B.    Carreon represented to Plaintiffs that the Policy and Carreon's adjusting and
             investigative services had characteristics or benefits they did not possess, which
             gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

       C.    Carreon represented to Plaintiffs that the Policy and Carreon's adjusting services
             were of a particular standard, quality, or grade when they were of another, in
             violation of section 17.46(b) (7) of the DTPA.

       D.    Carreon's actions are unconscionable in that Carreon took advantage of Plaintiffs'
             lack of knowledge, ability, and experience to a grossly unfair degree. Carreon's
             unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3)
             of the DTPA; and

                                            12

E.    Carreon's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57.    Each of Carreon's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Carreon, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

58.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

59.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

60.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claims in violation of the laws set forth above.

61.    Plaintiffs currently estimates that actual damages to the Property under the Policy are $32,089.29.

13

62.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

63.   For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

64.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

65.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

66.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Travelers owed, exemplary damages, and damages for emotional distress.

67.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with

14

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

68. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

69. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

70. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually

15

awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

71.    Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

72.    Plaintiffs hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Travelers Lloyds of Texas Insurance Company and Anthony Carreon, be cited and served to appear, and that upon trial hereof, Plaintiffs, Cindy and Otis Cleghorn, recover from Defendants, Travelers Lloyds of Texas Insurance Company and Anthony Carreon, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.

16

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFFS



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

## CAUSE NO. 2016-05243

| | | |
|---|---|---|
| **CINDY AND OTIS CLEGHORN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TRAVELERS LLOYDS OF TEXAS** | § | |
| **INSURANCE COMPANY and** | § | |
| **ANTHONY CARREON** | § | **61ST JUDICIAL DISTRICT** |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Travelers Lloyds of Texas Insurance Company and Anthony Carreon, the defendants in the above entitled and numbered cause, and file this their original answer to the plaintiffs' original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendants hereby generally deny the allegations contained in the plaintiffs' petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus assert their privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendants notify all parties to this lawsuit of the defendants' intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendants specifically reserve the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims they may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendants, Travelers Lloyds of Texas Insurance Company and Anthony Carreon, move and pray the Court that upon trial hereof, the plaintiffs recover nothing, and that the defendants go hence with their costs, and for such other and further relief, both general and special, legal and equitable, to which the defendants may show themselves justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANTS,
TRAVELERS LLOYDS OF
TEXAS INSURANCE COMPANY
AND ANTHONY CARREON

2

## CERTIFICATE OF SERVICE

I do hereby certify that on the 29th day of February, 2016, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins